**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 21 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALFONSO REYES-CAMACHO, | No. 14-72393 |
| Petitioner, | Agency No. A200-695-118 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 16, 2016[**]

Before:      LEAVY, BERZON, and MURGIA, Circuit Judges.

Alfonso Reyes-Camacho, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny the petition for review.

The record does not compel the conclusion that Reyes-Camacho established extraordinary circumstances to excuse his untimely-filed asylum application. *See* 8 C.F.R. § 1208.4(a)(5). Thus, we deny the petition for review as to Reyes-Camacho's asylum claim.

Substantial evidence supports the BIA's determination that Reyes-Camacho failed to establish that it is more likely than not that he would be persecuted if he returns to Mexico. *See Nagoulko v. INS*, 333 F.3d 1016, 1018 (9th Cir. 2003) (possibility of future persecution "too speculative"). Thus, we deny the petition for review as to Reyes-Camacho's withholding of removal claim.

Substantial evidence supports the BIA's denial of CAT relief because Reyes-Camacho failed to show it is more likely than not that he would be tortured by or with the consent or acquiescence of the Mexican government. *See Silaya*, 524 F.3d at 1073.

Finally, we deny as unnecessary Reyes-Camacho's renewed request for a stay of removal because the court previously granted a temporary stay of removal.

2

The stay of removal will terminate upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**